CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN - 8 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SCOTT ANDREW MCCAUL,<br>    Plaintiff, | Civil Action No. 7:15-cv-00591 |
| v. | **MEMORANDUM OPINION** |
| DR. MOSES QUINONES, et al.,<br>    Defendants. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Scott Andrew Mccaul, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names Dr. Moses Quinones and Regenna Chestnutt as the defendants. This matter is before me for screening, pursuant to 42 U.S.C. § 1997e(c). After reviewing Plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff alleges the following information in the complaint:

> Defendant Dr. Moses Quinones at Rockingham and Middle River Regional Jails was acting in deliberate gross negligence while under the Code of Color of State and federal laws to causing personal injury when he refused to give me proper medications for my neck spasms and neck spasms [sic].
>
> .... Mrs.Regenna Chetnutt, medical staff, refused to give plaintiff proper medical treatment while acting under the Code and Color of State and federal laws. Plaintiff was personally injured and suffered neck spasms as well as back spasms. [T]hus gross deliberate negligence was performed against plaintiff while housed at Middle River Regional Jail.

I must dismiss the complaint for failing to state a claim on which relief may be granted. To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The complaint fails to present "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the

speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Plaintiff cannot rely on mere labels and conclusions to state a claim, and Plaintiff fails to allege facts sufficient to state all the elements of a claim. Id. ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Claims of medical malpractice and negligent diagnosis or inmates' disagreements with medical providers' diagnoses and treatments are not cognizable via § 1983. See, e.g., Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Accordingly, the complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 42 U.S.C. § 1997e(c).[1]

**ENTER**: This 8th day of January, 2016.

Senior United States District Judge

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2